## WILLIAM A. HAGOOD v. MARSHALL GRIMES.

A judgment, from which it substantially appears, that the plaintiff's petition for *certiorari* was dismissed, and costs adjudged against him, is final.

If a party set out the facts, that were proved by him on the trial, before a justice of the peace, from which it appears that he had a good cause of action, and aver that the defendant offered no evidence controverting any of these facts, it will be sufficient in a petition for a *certiorari*.

ERROR from Cherokee.    Tried below before the Hon. Charles A. Frazer.

The plaintiff, in his petition for *certiorari*, set out, in full, all the facts of his case, from which it was manifest that he had a good cause of action; and then averred, that upon the trial of the cause, in the Court of the Justice of the Peace, he proved all of these facts by legal and unimpeachable testimony; and that the defendant, on the trial, introduced no testimony whatever contrary to, or conflicting with, that proved by him.

The defendant excepted to the petition, because "the same is insufficient in law, and shows no error committed by the justice in the court below."

The judgment of the District Court was as follows: "And now come the parties, and announced ready for trial, and defendant moves the court to dismiss *plaintiff's* (*this*) *cause*, which motion is by the court sustained, and said cause dismissed; to which

ruling of the court plaintiff excepts. It is therefore considered and adjudged by the court, that said defendant do have and recover of said plaintiff, all of the costs in this behalf expended, to be taxed, for which let execution issue."

*A. J. Hood*, for the plaintiff in error.

*Donley & Anderson*, for the defendant in error.

BELL, J.—The judgment of the court below, in this cause, is somewhat informal; but still we think it appears distinctly enough, that the petition for *certiorari* was dismissed upon motion, to warrant us in considering it as a sufficient final judgment.

We are of opinion, that the petition for *certiorari* is sufficient. It is true, that it does not purport to state all the testimony that was introduced before the justice of the peace, but it sets out the facts that were proved by the plaintiff, and avers, that the defendant offered no evidence controverting those facts.

It would have been less objectionable, if the petition for *certiorari* had stated the whole evidence, inasmuch as the allegations that certain facts were proved or established, and, that "no evidence was offered *contrary to*, or conflicting with what plaintiff proved," are liable to criticism, as averments of legal conclusions, rather than plain facts. But notwithstanding this objection to the petition, we are of opinion, that it fairly shows that the plaintiff was wronged by the judgment of the justice, and that the District Court ought to have inquired further of the matter.

The judgment of the court below, dismissing the petition for *certiorari*, was, in our opinion, erroneous, and is therefore reversed, and the cause remanded.

Reversed and remanded.